UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-62420-LEIBOWITZ/AUGUSTIN-BIRCH

ERIN BALTA,

    Plaintiff,

v.

COLOPLAST CORP.,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE**

This cause comes before the Court on Defendant Coloplast Corp.'s Motion to Strike, In Part, Plaintiff Erin Balta's Expert Witnesses.  The Motion is fully briefed at docket entries 63, 64, and 65.  The Court has carefully considered the briefing and the record and is otherwise fully advised in the premises.

The Court set a hearing on the Motion for January 26, 2026, at 9:30 a.m.  DE 62.  Upon review of the briefing, the Court concludes that a hearing is unnecessary to resolve the Motion.  The Court therefore **CANCELS** the January 26 hearing.  For the following reasons, the Motion [DE 63] is **DENIED**.

The parties' discovery dispute arises from the requirements for expert witness disclosures under Federal Rule of Civil Procedure 26.  Under Rule 26, "a party must disclose to the other parties the identity of any witness it may use at trial to present" expert testimony.  Fed. R. Civ. P. 26(a)(2)(A).  "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one

retained or specially employed to provide expert testimony in the case . . . ."  Fed. R. Civ. P. 26(a)(2)(B).

Defendant argues that Plaintiff violated Rule 26 because she disclosed as expert witnesses individuals who she had not actually "retained or specially employed" for this case.  Defendant maintains that, as a result of Plaintiff's disclosures, it expended great resources on expert witnesses to rebut Plaintiff's non-retained, non-employed expert witnesses.  Defendant moves under Federal Rule of Civil Procedure 37 for two expert witnesses—Drs. Neeraj Kohli and Bruce Rosenzweig—to be stricken and for sanctions of the attorney's fees and costs Defendant incurred in preparing its rebuttal expert witnesses.[1]  Under Rule 37, when "a party fails to provide information or identify a witness" as required under Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  The court may also "order payment of the reasonable expenses, including attorney's fees, caused by the failure."  Fed. R. Civ. P. 37(c)(1)(A).

Rule 37(c)(1) is not a precise fit to the circumstances at issue here because the rule addresses a party's failure to identify a witness (a lack of disclosure), not a party's over-identification of witnesses (too much disclosure), for example because the witnesses were not actually retained or specially employed.  In any event, striking Drs. Kohli and Rosenzweig is not appropriate because Plaintiff has demonstrated to the Court's satisfaction that her disclosures of them were substantially justified.

Plaintiff explains that Drs. Kohli and Rosenzweig were retained expert witnesses in product liability multi-district litigation against Defendant over the same pelvic mesh medical device that

---

[1] Defendant contends that Plaintiff wrongly disclosed four individuals as expert witnesses but later withdrew two of the expert witnesses, leaving the testimony of only Drs. Kohli and Rosenzweig at issue.  But Defendant asserts that, before the withdrawal of the other two expert witnesses, it incurred fees and costs to prepare rebuttals to all four expert witnesses, and Defendant seeks all of those fees and costs.

is at issue in this product liability case. Drs. Kohli and Rosenzweig produced expert reports in the multi-district litigation. Plaintiff maintains that both she and Defendant could rely on the discovery generated in the multi-district litigation. Thus, although she herself had not retained Dr. Kohli or Dr. Rosenzweig, she disclosed them as expert witnesses because she intended to have them testify at the trial in this case.

Plaintiff may have been mistaken about the extent to which she could rely on discovery generated in the multi-district litigation and on expert witnesses who she herself had not yet retained. But her mistaken impression provides justification to decline to strike Drs. Kohli and Rosenzweig. Defendant's Motion to Strike [63], including its request for attorney's fees and costs, is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 21st day of January, 2026.

                                            PANAYOTTA AUGUSTIN-BIRCH
                                            UNITED STATES MAGISTRATE JUDGE